

O

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

ANTHONY UDOM,

        Petitioner,

        v.

WARDEN, SAN DIEGO CORRECTIONAL
FACILITY,

        Respondent.

Case No. CV 11-6755-RGK (MLG)

ORDER DENYING CERTIFICATE OF
APPEALABILITY

    Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts requires the district court to issue or deny a certificate of appealability ("COA") when it enters a final order adverse to the petitioner. Because jurists of reason would not find it debatable whether this Court was correct in its ruling dismissing the petition as time-barred under 28 U.S.C. § 2244(d)(1), a COA is denied.

    Before Petitioner may appeal the Court's decision dismissing his petition, a COA must issue. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). The Court must either issue a COA indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App.

P. 22(b).

The court determines whether to issue or deny a COA pursuant to standards established in *Miller-El v. Cockrell*, 537 U.S. 322 (2003); *Slack v. McDaniel*, 529 U.S. 473 (2000); and 28 U.S.C. § 2253(c). Ordinarily, a COA may be issued only where the petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253 (c)(2); *Miller-El*, 537 U.S. at 330. Where, as here, the district court denies a habeas petition on procedural grounds, without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack*, 529 U.S. at 484, *See also Miller-El*, 537 U.S. at 338.

In *Silva v. Woodford*, 279 F.3d 825, 832-33 (9th Cir. 2002), the court noted that this amounts to a "modest standard". (Quoting *Lambright v. Stewart*, 220 F.3d 1022, 1025 (9th Cir. 2000)). Indeed, the standard for granting a COA has been characterized as "relatively low". *Beardlee v. Brown*, 393 F.3d 899, 901 (9th Cir. 2004). A COA should issue when the claims presented are "adequate to deserve encouragement to proceed further." *Slack*, 529 U.S. at 483-84, (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)); *see also Silva*, 279 F.3d at 833. If reasonable jurists could "debate" whether the petition could be resolved in a different manner, then the COA should issue. *Miller-El*, 537 U.S. at 330.

Under this standard of review, a COA will be denied. In dismissing this petition for writ of habeas corpus, this Court found that the petition was untimely filed. Petitioner cannot make a

1 | colorable claim that jurists of reason would find debatable or wrong
2 | the decision dismissing the petition as time-barred. Thus, Petitioner
3 | is not entitled to a COA.

4 |    Therefore, pursuant to 28 U.S.C. § 2253, the Court DENIES a
5 | certificate of appealability.

6 |

7 | Dated: December 20, 2011

8 |

9 |

10 |    R. Gary Klausner
   United States District Judge

11 |

12 | Presented By:

13 |

14 |

15 |    Marc L. Goldman
   United States Magistrate Judge

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

3